UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CURTIS D. MORGAN, | * | CIVIL ACTION |
| | * | NO:_____ |
| PLAINTIFF | * | |
| | * | |
| VERSUS | * | SECTION:_____ |
| | * | |
| DOW CHEMICAL COMPANY; ALBERT BOSSIER | * | |
| AMERICAN EMPLOYERS INSURANCE CO.; | * | JUDGE:_____ |
| ANCO INSULATIONS, INC.; BAYER CROPSCIENCE, | * | |
| INC.; CBS CORPORATION; ONEBEACON AMERICA | * | MAG:_____ |
| INSURANCE COMPANY; FOSTER WHEELER | * | |
| ENERGY CORPORATION; GENERAL ELECTRIC | * | |
| COMPANY; HOPEMAN BROTHERS, INC.; | * | |
| HUNTINGTON INGALLS INC.; J. MELTON | * | |
| GARRETT; THE MCCARTY CORPORATION; | * | |
| REILLY-BENTON COMPANY, INC.; RILEY | * | |
| POWER, INC.; TAYLOR-SEIDENBACH, INC.; | * | |
| THE TRAVELERS INDEMNITY COMPANY; | * | |
| UNION CARBIDE CORPORATION; CBS | * | |
| CORPORATION; EAGLE, INC.; BAYER | * | |
| CROPSCIENCE, LP; MONSANTO COMPANY; | * | |
| CF INDUSTRIES NITROGEN, LLC; WYETH | * | |
| HOLDINGS, LLC; SHELL OIL COMPANY; | * | |
| SHELL CHEMICAL LP; MURPHY OIL USA, INC.; | * | |
| TENNESSEE GAS PIPELINE COMPANY, LLC; | * | |
| EPEC OIL COMPANY; EL PASO ENERGY E.S.T. | * | |
| COMPANY; ENTERGY CORPORATION; ENTERGY | * | |
| LOUISIANA, LLC; ENTERGY NEW ORLEANS, INC.; | * | |
| LIBERTY MUTUAL INSURANCE COMPANY; | * | |
| THE TRAVELERS INDEMNITY COMPANY; | * | |
| THE TRAVELERS INSURANCE COMPANY; | * | |
| AMOS G. POLLARD; CHARLES LAMBERT; | * | |
| RAWLIN DELAUGHTER; RAY BROOKS; | * | |
| CHEVRON U.S.A., INC.; HUNTSMAN | * | |
| PETROCHEMICAL CORPORATION; TEXACO | * | |
| GROUP, LLC; TEXACO, INC.; HONEYWELL | * | |
| INTERNATIONAL, INC.; CHEVRON ORONITE | * | |
| COMPANY, LLC; BASF CORPORATION; EXXON | * | |
| MOBIL CORPORATION; TRANSAMERICAN | * | |
| NATURAL GAS CORPORATION; PHARMACIA | * | |
| CORPORATION; GEORGIA-PACIFIC, LLC; | * | |
| GEORGIA-PACIFIC CONSUMER OPERATIONS, | * | |
| LLC; JACOBS CONSTRUCTORS, INC.; | * | |

| | |
|---|---|
| TURNER INDUSTRIES GROUP, LLC; | * |
| AEROJET- GENERAL CORPORATION; | * |
| BARNARD AND BURK, INC.; SYNGENTA | * |
| CROP PROTECTION; BECHTEL CORPORATION; | * |
| BECHTEL POWER CORPORATION; AIR PRODUCTS | * |
| AND CHEMICALS, INC.; OCCIDENTAL CHEMICAL | * |
| CORPORATION; EMPLOYERS INSURANCE CO. | * |
| OF WAUSAU; TRAVELERS CASUALTY & SURETY | * |
| CO.; CONTINENTAL INSURANCE COMPANY; | * |
| AECOM ENERGY AND CONSTRUCTION, INC.; | * |
| LONE STAR INDUSTRIES, INC.; CONSTRUCTION | * |
| OPTIMIZATION ENGINEERS, INC.; LOU-CON, INC.; | * |
| REF-CHEM CONSTRUCTION CO.; MOSAIC GLOBAL | * |
| HOLDINGS, INC.; FREEPORT SULPHUR COMPANY; | * |
| | * |
| DEFENDANTS | * |
| | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*

## NOTICE OF REMOVAL

Huntington Ingalls Incorporated (f/k/a Northrup Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.), J. Melton Garrett, Albert L. Bossier, Jr., and Lamorak Insurance Company, in its capacity as alleged insurer of Avondale Industries, Inc., and its alleged executive officers (the "Avondale Interests" or "Avondale") give notice of the removal of the above-entitled action, bearing Docket No. 76-625 on the docket of the 18th Judicial District Court for the Parish of Iberville, State of Louisiana (the "State Case"), to the United States District Court for the Middle District of Louisiana.

1.

This Court has subject matter jurisdiction because the State Case is an action for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers or their agents within the meaning of 28 U.S.C. § 1442(a)(1).

2

2.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending. 28 U.S.C. § 1442(a).

3.

The Avondale Interests are named as defendants in the State Case, which was filed by the plaintiff, Curtis D. Morgan, on February 23, 2017.[1] He alleges that he contracted mesothelioma, in part, as a result of exposure to asbestos while he was employed by Avondale in 1966.[2] On March 17, 2017, Mr. Morgan filed a First Supplemental and Amending Petition, adding additional defendants.[3]

4.

The original and amending petitions contain broad allegations of exposure to asbestos, but provide no details as to where or how Mr. Morgan was exposed to asbestos at Avondale. More specifically, the petitions do not link his alleged asbestos exposures to any vessels Avondale built, refurbished or repaired for the United States government.[4]

5.

It took the parties more than a month to depose Mr. Morgan.[5] On the first day of his deposition, March 9, 2017, Mr. Morgan testified that he worked for Avondale as a "sheet metal tacker" in 1966,[6] and the only vessels he could remember working on at Avondale were

---

[1] Exhibit A, Petition for Damages.

[2] *Id*. at Exhibit A to the Petition.

[3] Exhibit B, First Supplemental and Amending Petition.

[4] Petition for Damages; First Supplemental and Amending Petition.

[5] Exhibit C, excerpts from Curtis Morgan's deposition transcripts.

[6] *Id*. at pp. 37 & 43.

commercial vessels.[7]  On the third day of his deposition, March 20, 2017, Mr. Morgan was cross-examined by counsel for the Avondale Interests.  Mr. Morgan confirmed that, to the best of his memory, all his work at Avondale was on vessels undergoing construction and all those vessels were lying afloat in the Mississippi River.[8]  Also, although Mr. Morgan could not remember working on the USNS HUNTSVILLE,[9] a vessel Avondale was refurbishing for the United States Navy to be used in the Apollo space program, he had no reason to deny that the Avondale medical records showing that he suffered minor injuries on that vessel were not accurate.[10]  Further, he testified that it was his belief that he was exposed to asbestos on the HUNTSVILLE while working near insulators cutting asbestos-containing products.[11]

6.

On March 28, 2017, Avondale's counsel received by email from the court reporter a link to the transcript of the third day of Mr. Morgan's deposition.[12]  Receipt of this deposition transcript was the first event from which Avondale was able to ascertain that Mr. Morgan is asserting a claim that relates, at least in part, to asbestos-containing materials installed aboard the USNS HUNTSVILLE, a vessel Avondale refurbished on behalf of one or more officers or agents of the United States government. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(3). *Bosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir. 2002); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) ("[A] transcript of the deposition

---

[7] *Id*. at p. 43.

[8] *Id*. at p. 283, 291.

[9] *Id*. at pp. 284-86.

[10] *Id*. at p. 286.

[11] *Id*. at p. 305.

[12] Exhibit D, Affidavit of Jason R. Serio, with attached copies of an email dated March 28, 2017 from Stratos Legal to Lee, Futrell & Perles, LLP, with links to Mr. Morgan's day 3 deposition transcript.

testimony is 'other paper'" under § 1446(b)); *Loupe v. Pennsylvania Gen. Ins. Co.,* 2016 WL 6803531, at *3 n. 20 (E.D. La. Nov. 17, 2016) (receipt of deposition transcript, not the deposition testimony, triggers 30 day removal period); *Nelson v. Wal-Mart Stores Inc.*, 2009 WL 1098905, at *7 (W.D. La. Apr. 22, 2009) (same), *appeal denied, judgment aff'd sub nom. Nelson v. Wal-Mart Louisiana LLC*, 2009 WL 3753539 (W.D. La. Nov. 9, 2009).

7.

Avondale is a corporation and is therefore a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *E.g.*, *Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016) (Avondale is a "person" under the statute).

8.

The USNS HUNTSVILLE was a former cargo ship converted and commissioned specifically for tracking Apollo space crafts. The United States government, Department of the Navy, contracted with Ling-Temco-Vaught Inc. ("LTV"), located in Dallas, Texas, for "the design, preparation of working plans and other data, modification, renovation, and repair . . . of the USNS WATERTOWN (T-AGM6) and the USNS HUNTSVILLE (T-AGM7) . . . ." LTV, as the prime contractor, in turn, entered into CONTRACT RSD-604, dated March 5, 1965, with Avondale, as the subcontractor, for the "design, . . . modification, renovation, and repair. . ., outfitting and delivery of" the two Apollo ships. In these circumstances, Avondale was "lawfully assisting" the federal government and/or its agent in performing a task that the government otherwise would have done itself. Therefore, Avondale was "acting under" an "officer or agent" of the United States government within the meaning of § 1442(a)(1) when it converted the HUNTSVILLE. *E.g.*, *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 149-50, 153-54 (2007) (indicating that formal contractual relationship with government is not necessary

to satisfy "acting under" requirement); *Maryland v. Soper (No. 1),* 270 U.S. 9, 30 (1926) (same); *Davis v. South Carolina,* 107 U.S. 597, 600 (1883) (although there was no privity of contract between relevant federal agency and the removing defendant, removal was proper because the defendant was lawfully assisting a federal agent in the performance of his official duties); *Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55, 58 (5th Cir. 1975) (executive officer of a federal contactor could remove because he was sued as a result of a federal directive). *Contra*, *Morgan v. Great S. Dredging, Inc*., 2012 WL 4564688, at *6 (E.D. La. Sept. 30, 2012) (Brown, J.) (formal contract with government prerequisite for "acting under" requirement).

9.

The claims made by the plaintiffs against Avondale in this action are claims for or relating to acts performed under color of federal office within the meaning of 28 U.S.C. § 1442(a)(1). Mr. Morgan asserts claims against Avondale on allegations that he was exposed to asbestos as a result of the use and installation of asbestos-containing materials during the conversion of the HUNTSVILLE. Under Article III, B. of Contract RSD-604, Avondale, as the subcontractor, was bound by the government specifications in the Prime Contract between TLV and the Navy. Under the Navy Specifications applicable to the Apollo ships, TGM-6 Class, Avondale was required to use asbestos-containing products in refurbishing the Apollo ships, including thermal insulation for materials above 350 degrees. Avondale was obligated to comply with those contractual provisions and design specifications, and the federal government exercised supervision over the process to ensure such compliance. *Zeringue v. Crane Co.,* 846 F.3d 785, 793 (5th Cir. 2017) ("The 2011 amendment expanded the breadth of acts sufficient to establish a causal nexus even further."); *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 812-13 (3d Cir. 2016) (federal government requirement to use asbestos in building military cargo planes

satisfies the post-2011 "for or relating to" criterion); *Savoie v. Huntington Ingalls, Inc.*, 824 F.3d 468, 469 (5th Cir. 2016) (although Fifth Circuit denied petition for rehearing *en banc* on procedural grounds, it admonished that "the defendants *make a colorable argument that, in regard to the negligence claims,* this action is removable because of the 2011 statutory amendment adding the words "or relating to" to § 1442(a)(1).").

10.

Avondale asserts two colorable federal defenses to claims asserted by Mr. Morgan in this action: (1) one or more of the plaintiff's claims is barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), and its progeny, and (2) one or more of the plaintiff's claims is pre-empted and barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901.

11.

The HUNTSVILLE was converted at Avondale under mandatory terms, conditions, and specifications imposed by the United States government, including the United States Navy. These reasonably precise specifications mandated the installation of asbestos and asbestos-containing products on the HUNTSVILLE during the relevant time period.

12.

The conversion process was monitored by inspectors and other representatives of the United States government who ensured that Avondale was complying with the government requirements.

7

13.

The HUNTSVILLE conformed to the specifications mandated by the federal government. The specifications mandated the use of asbestos, and Avondale converted the HUNTSVILLE using asbestos.

14.

At all material times, the federal government had knowledge about the hazards of asbestos that was equal to, or superior to, that of Avondale.

15.

Mr. Morgan alleges occupational disease caused in part by exposure to asbestos arising out of and in the course and scope of his employment at Avondale shipyard while working aboard or in the vicinity of vessels launched but uncompleted in the navigable waters of the United States. Because the applicable exclusive remedy provisions of the LHWCA would preclude state law tort suits while the applicable exclusive remedy provisions of the Louisiana Workers' Compensation Act, La. Rev. Stat. 23:1021, would allow them, the Louisiana provisions are in direct conflict and the LHWCA pre-empts state law to the extent of that conflict. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 (5th Cir. 1995); *Peter v. Hess Oil Virgin Islands Corp.*, 903 F.2d 935, 950 (3d Cir. 1990); *Cobb v. Sipco Serv., & Marine, Inc.*, 1997 WL 159491, *6-*7 (E.D. La. 1997).

16.

One or more of the plaintiff's claims is therefore pre-empted and barred by the exclusive remedy provisions of the LHWCA.

17.

Removal under 28 U.S.C. § 1442(a)(1) does not require the consent of any served defendant. *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014); *Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir.1992).

18.

Because this Court has federal officer jurisdiction over at least one of the claims asserted by the plaintiff, it has supplemental jurisdiction over all of the plaintiff's claims. 28 U.S.C. § 1367(a); *Savoie*, 817 F.3d at 463.

19.

With this Notice, Avondale is filing a "copy of all process, pleadings, and orders served upon" it in the State Case. 28 U.S.C. § 1446(a) & (d). In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the 18th Judicial District Court for the Parish of Iberville, State of Louisiana.

ACCORDINGLY, Avondale hereby gives notice that the proceeding bearing Docket No. 76-625, is removed to the docket of this Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

/s/ John M. Futrell
GARY A. LEE (#08265), T.A.
JOHN M. FUTRELL (#5865)
RICHARD M. PERLES (#01534)
M. SCOTT MINYARD (#31879)
KATIE F. WOLLFARTH (#31729)
**LEE, FUTRELL & PERLES L.L.P.**

9

>201 St. Charles Avenue, Suite 4120
>New Orleans, LA 70170
>Telephone: (504) 569-1725
>Facsimile: (504) 569-1726
>***Counsel for Huntington Ingalls Incorporated,***
>***J. Melton Garrett, and Albert L. Bossier, Jr.***
>
>*And*
>
>SAMUEL M. ROSAMOND, III (17122)
>srosamond@twpdlaw.com
>ADAM D. DEMAHY (29826)
>ademahy@twpdlaw.com
>TAYLOR, WELLONS, POLITZ & DUHE, APLC
>1515 Poydras Street – Suite 1900
>New Orleans, Louisiana 70112
>Phone: (504) 525-9888
>Fax: (504) 525-9899
>***Counsel for Lamorak Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 27th day of April, 2017.

/s/John M. Futrell